**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000565
12-SEP-2024
07:56 AM
Dkt. 59 SO**

CAAP-21-0000565

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSHUA D. ASHBAUGH, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DTA-20-00904)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Joshua D. Ashbaugh (**Ashbaugh**) appeals from the September 17, 2021 Judgment and Notice of Entry of Judgment (**Judgment**) entered in the District Court of the Second Circuit, Wailuku Division (**District Court**).[1] Ashbaugh conditionally pleaded no contest to a charge of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1)(3) (2020)[2] and

---

[1] The Honorable Kirstin M. Hamman presided.

[2] HRS § 291-61(a)(1)(3) provides:

　　**§ 291-E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

an amended charge of Operating a Motor Vehicle Without Due Care in violation of Section 10.52.010 of the Maui County Code (**MCC**).[3][4]

Ashbaugh raises three points of error on appeal, contending that: (1) the District Court did not have jurisdiction because the Complaint was fatally defective pursuant to HRS § 805-1 (2014), Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 47(d) and State v. Thompson, 150 Hawaiʻi 262, 500 P.3d 447 (2021); (2) because the Complaint was fatally defective, Ashbaugh's arraignment did not comply with HRPP Rule 5(b); and (3) the District Court erred in denying the Motion to Suppress.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ashbaugh's points of error as follows:

---

[2](...continued)

    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

. . . .

[3]    Section 10.52.010 of the Maui County Code provides:

Every operator of a motor vehicle shall exercise due care in the operation of such vehicle upon any highway in order to avoid colliding with any vehicle, pedestrian, other object, or embankment on or off the roadway.

[4]    The Honorable Michelle Drewyer presided over the hearing on Ashbaugh's April 14, 2021 Motion to Suppress Evidence and Statements (**Motion to Suppress**) and denied the Motion to Suppress. The Honorable Kirstin M. Hamman entered the Judgment.

(1)  Ashbaugh contends that the Complaint does not meet the requirements of HRS § 805-1, HRPP Rule 47(d), and Thompson, because it was not signed by either of the two Maui Police Department (**MPD**) officers who conducted Ashbaugh's OVUII investigation and arrest.

However, HRS § 805-1 does not apply to the Complaint because it does not seek a penal summons or an arrest warrant. See State v. Mortensen-Young, 152 Hawaiʻi 385, 395, 526 P.3d 362, 372 (2023) (limiting the applicability of HRS § 805-1 and its holding in Thompson to complaints seeking a penal summons or arrest warrant).  In OVUII prosecutions, the prosecution of complaints is analyzed under HRPP Rule 7.  See, e.g., State v. Primo, CAAP-22-0000342, 2023 WL 3531691, *3 (Haw. App. May 18, 2023) (SDO) (citing Mortensen-Young, 152 Hawaiʻi at 399, 526 P.3d at 376).  Here, the deputy prosecuting attorney signed the Complaint consistent with HRPP Rules 7(d) and 47(d).

Accordingly, we conclude that Ashbaugh's first point of error is without merit.

(2)  Ashbaugh argues that his arraignment was defective pursuant to HRPP Rule 5(b) because he was arraigned on a fatally defective Complaint.  In light of our ruling that the Complaint was not defective, this claim is meritless.

(3)  Ashbaugh argues that the District Court erred in denying the Motion to Suppress because the District Court ruled that he was not in custody and therefore his Miranda rights were not violated.  As a result, Ashbaugh asserts that the field sobriety test (**FST**) results, statements made during the FST, his

responses to the medical rule-out questions (**MROs**), as well as his earlier statements that he crashed his car and was the driver of the subject vehicle were "fruits of the poisonous tree" and should have been suppressed. We review *de novo*. State v. Spillner, 116 Hawaiʻi 351, 357, 173 P.3d 498, 504 (2007); State v. Kazanas, 138 Hawaiʻi 23, 33, 375 P.3d 1261, 1271 (2016).

Miranda warnings are required when a defendant is in custody and under interrogation. State v. Loo, 94 Hawaiʻi 207, 210, 10 P.3d 728, 731 (2000). A person is in custody for Miranda purposes

> **[i]f an objective assessment of the totality of the circumstances reflects** either (1) that the person has become impliedly accused of committing a crime because the questions of the police have become sustained and coercive, such that they are no longer reasonably designed briefly to confirm or dispel their reasonable suspicion or (2) that the point of arrest has arrived because either (a) **probable cause to arrest has developed** or (b) the police have subjected the person to an unlawful "de facto" arrest without probable cause to do so.

State v. Hewitt, 153 Hawaiʻi 33, 43, 526 P.3d 558, 568 (2023) (citation omitted) (emphasis added).

In Hewitt, the Hawaiʻi Supreme Court re-established its bright-line rule holding that when probable cause has developed, Miranda warnings are required by article I, section 10 of the Hawaiʻi Constitution. Id. at 36, 526 P.3d at 561.

"Probable cause exists when the arresting officer has reasonable grounds to believe, from facts and circumstances personally known to the officer, or of which the officer has trustworthy information, that the person arrested has committed or is committing an offense." State v. Won, 137 Hawaiʻi 330, 347, 372 P.3d 1065, 1082 (2015) (citing State v. Lloyd, 61 Haw.

505, 509, 606 P.2d 913, 916 (1980)). Probable cause requires more than a mere suspicion but less than a certainty. State v. Maganis, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005). A probable cause determination is based on the totality of the circumstances. Hewitt, 153 Hawaiʻi at 43, 526 P.3d at 568; see also State v. Ferrer, 95 Hawaiʻi 409, 431, 23 P.3d 744, 766 (App. 2001).

Here, Ashbaugh first argues that MPD Officer Asbel Polanco (**Officer Polanco**) had probable cause to arrest Ashbaugh for Inattention to Driving pursuant to HRS § 291-12 (2020)[5] when Officer Polanco arrived at the scene of the accident, because Ashbaugh's car had heavy front-end damage, appeared to have rolled over a tree and sign on the side of the road, and Ashbaugh was the only person in the vehicle. Officer Polanco testified that Ashbaugh asked him, "what happened?" When Officer Polanco responded, "you crashed your car;" Ashbaugh said, "yeah, I crashed my car."

Without knowing any more information about how or why the car crashed, the accident could have been the result of numerous scenarios that did not involve inattention to driving. Thus, contrary to Ashbaugh's argument, probable cause did not develop the moment Officer Polanco learned that Ashbaugh was the

---

[5]     HRS § 291-12 states:

>     **§ 291-12  Inattention to Driving.**  Whoever operates any vehicle negligently as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100, which shall be deposited into the trauma system special fund.

driver of the crashed sedan.  Therefore, we conclude that the District Court did not err in declining to suppress Ashbaugh's initial un-Mirandized responses to Officer Polanco, who asked Ashbaugh if he was okay, and then asked him for "his information" – whether he was the driver, his name, the last four numbers of his social, DOB, address, and where he worked.

Ashbaugh further argues that Officer Polanco "could have arrested" him, *i.e.*, had probable cause to arrest him, for OVUII based on the accident and that Officer Polanco could smell liquor on his breath as he spoke to the officer.  Officer Polanco also testified that he had seen Ashbaugh's vehicle earlier at "the Triangle," a group of bars.  Officer Polanco described Ashbaugh's demeanor as argumentative.  Officer Polanco testified that he did not note anything else about Ashbaugh's condition, in part because he could not see Ashbaugh's eyes and MPD Officer Murphy Aquino (**Officer Aquino**) began taking over the OVUII investigation.

Officer Aquino testified that when he arrived on the scene he observed Ashbaugh talking to Officer Polanco, who had informed him that he observed signs of Ashbaugh being intoxicated, specifically that he smelled liquor.  As Officer Aquino observed Ashbaugh speaking with Officer Polanco, and that as Ashbaugh "stood still he would . . . –- he would sway a little from left to right."  Officer Aquino noticed that Ashbaugh had red, watery eyes, and his face seemed to be flushed.

While the mere fact of the crash, the smell of alcohol initially detected by Officer Polanco, and the earlier sighting

of the vehicle near a cluster of bars may have only raised a reasonable suspicion of OVUII, we conclude that at the point of Officer Aquino's further observations, based on the totality of the circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, probable cause had developed.  The totality of circumstances here, *i.e.*, this combination of Ashbaugh's involvement in a one-car crash, the presence of the smell of liquor of the breath, the physical manifestations of impairment observed at the scene of the crash and the other supporting facts testified to by the officers, meets the objective standard for establishment of probable cause to arrest for OVUII.  The MPD officers had probable cause to arrest Ashbaugh for OVUII and should have provided him with Miranda warnings.

Therefore, Officer Aquino's subsequent asking Ashbaugh, *inter alia*, MROs without Miranda warnings contravened article I, section 10 of the Hawaiʻi Constitution.  Ashbaugh's responses to those questions, and any other subsequent statements, must be suppressed as fruit of the poisonous tree.  See State v. Manion, 151 Hawaiʻi 267, 272, 511 P.3d 766, 771 (2022).  However, Ashbaugh's purely physical performance on the FST is nontestimonial evidence that did not stem from the exploitation of the prior illegality here.  See id. at 272-73, 511 P.3d at 771-72.  "Purely physical evidence can provide incriminating information about a person's mental faculties yet nonetheless be nontestimonial."  Id. at 274, 511 P.3d at 773 (citation omitted).

Accordingly, although the District Court did not err in declining to suppress Ashbaugh's initial statements to Officer Polanco, the District Court erred in declining to suppress Ashbaugh's oral statements made after the MPD officers had probable cause to arrest Ashbaugh for OVUII and failed to provide him with <u>Miranda</u> warnings, as set forth above.

For these reasons, the District Court's September 17, 2021 Judgment is vacated, and this case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 12, 2024.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Joanne S.C. Hicks,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge